# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ARTMAN,<br>104 Morningside Circle,<br>Downingtown, PA 19335 | : CIVIL ACTION - LAW<br>:<br>:<br>: |
| Plaintiff, | : *Electronically Filed*<br>: |
| vs. | :<br>: JURY TRIAL OF 12 DEMANDED |
| ATRICURE, INC,<br>7555 Innovation Way,<br>Mason, Ohio 45040 | :<br>:<br>:<br>: |
| Defendant. | : |

## COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 and it is between citizens of different states.

2. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

3. Plaintiff Robert Artman is a citizen of Pennsylvania who resides at 104 Morningside Circle, Downingtown, Pennsylvania 19335, in Chester County.

1

4. Defendant AtriCure, Inc. is a corporation organized and existing under the laws of Delaware, which has its principal place of business at 7555 Innovation Way, Mason, Ohio 45040.

5. Defendant is a leading innovator in surgical treatments and therapies for atrial fibrillation and left atrial appendage management.

6. Plaintiff was employed by Defendant as a Sales Manager. Plaintiff's compensation included a salary as well as incentive compensation.

7. The terms of Plaintiff's incentive compensation for his work were agreed upon each year in a document called a "Compensation Plan."

8. For each of the years of Plaintiff's employment with Defendant prior to 2023, Defendant paid Plaintiff in accordance with the agreed upon Compensation Plan for that year.

9. Defendant issued to Plaintiff, and Plaintiff agreed to accept, the Compensation Plan for 2023 as the contract governing Plaintiff's incentive compensation for services provided in 2023.

10. Plaintiff worked for Defendant in 2023 and, pursuant to the parties' contract, was supposed to be paid his earned incentive compensation for the second quarter of 2023 on July 15, 2023.

11. The total Defendant owed Plaintiff on July 15, 2023 was $275,704. This amount constituted wages under the Pennsylvania Wage Payment and Collection Law.

12. On July 14, 2023 Defendant's Chief Operating Officer Doug Seith telephoned Plaintiff and told him that the Company had "fucked up" in promising him the 2023 Compensation Plan. Mr. Seith said that "we just can't pay you that" because he would earn more than some VPs. Mr. Seith said that "we're going to have to see what we can do."

13. Plaintiff received two direct deposits from Defendant on July 15, 2023, one for his regular salary compensation in the amount of $4883.33, and one in the amount of $98,169 labeled "commission."

14. Plaintiff has received no explanation for the missing pay he was owed on July 15, 2023. More than thirty days have elapsed since the regularly scheduled payday when the wages were due. Plaintiff is now owed $171,947.67 in unpaid earned income, plus $42,986.91 in liquidated damages under the Pennsylvania Wage Payment and Collection Law, for a total of $214,934.58, plus attorneys' fees and costs.

## COUNT ONE
### Breach of Contract

15. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

16. The Compensation Plan for 2023 constitutes a binding contract between the parties for the incentive compensation Defendant agreed to pay Plaintiff for his work in 2023.

17. Defendant has breached the parties' contract by failing to pay Plaintiff as agreed in the 2023 Compensation Plan for his compensation due on July 15, 2023 in the amount of $171,947.67.

WHEREFORE, Plaintiff demands compensatory damages in the amount of $171,947.67 plus interest and the costs of this action, together with such other relief as the Court deems just and proper.

## COUNT TWO

### Violation of Pennsylvania Wage Payment and Collection Law

18. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

19. Plaintiff was entitled under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. Ann. §260.1 *et seq.*, to be paid as the parties agreed in the Compensation Plan for 2023 for his work in the second quarter of 2023.

20. Defendants did not pay Plaintiff for his full earned income due on July 15, 2023 under the Compensation Plan for the second quarter of 2023.

21. Plaintiff is entitled to be paid his earned income of $171,947.67 plus liquidated damages in the amount of $42,986.91 under the Pennsylvania Wage Payment and Collection Law, for a total of $214,934.58, plus attorneys' fees and costs.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

                                             Respectfully submitted,

Date:  October 17, 2023        BY:  *s/ M. Frances Ryan*
                                           M. Frances Ryan
                                           Validation of Signature Code MFR1140
                                           Edward C. Sweeney
                                           Wusinich, Sweeney & Ryan, LLC
                                           102 Pickering Way, Suite 403
                                           Exton, PA  19341
                                           (610) 594-1600
                                           mfrancesryan@wusinichsweeney.com
                                           Attorneys for Plaintiff